Per Curiam.

This cause was decided by this court on appeal from the Court of Appeals for Summit County, February 10, 1954, by the following entry:
“Judgment modified and, as modified, affirmed.”
A per curiam opinion was written and reported in 160 Ohio St., 565, 117 N. E. (2d), 606 (certiorari denied, 348 U. S., 842,. 99 L. Ed., 37, 75 S. Ct., 62), setting forth the reasons for the judgment.
We are not now concerned with the merits of the cause but with a paper writing entitled “Application to Expunge” filed by Walter B. Wanamaker, Judge of the Court of Common Pleas of Summit County.
The application to expunge sets forth in substance,, inter alia, that the applicant was the trial judge in said cause and that, after the jury returned a verdict finding the defendant guilty on two counts, he imposed a sentence on each count of six months to five years, to be served consecutively; that thereafter the cause was appealed to the Court of Appeals for Summit County and the judgment was affirmed; and that this court concluded its per curiam opinion with the words, “The judgment of conviction is therefore modified so as to provide that the sentence on each count be served concurrently and, as so modified, is affirmed.” The applicant alleges further that the modification of the sentence is void and illegal and then complains of the following language contained in the opinion:
“The record discloses that the trial court probably did this because he was advised that defendant was a Communist. However, a Communist is entitled to evenhanded justice in our courts.”
The applicant asks that this language be expunged.
The single question presented for our decision is whether a judge of the Court of Common Pleas has the right, either in his official capacity as a trial judge or as a citizen, to require the Supreme Court to expunge from an opinion any language which to him appears objectionable.
The Supreme Court of Ohio is the court of last resort in this state, its jurisdiction being fixed by Section 2, Article IV of the Constitution of Ohio, which provides:
“ * * It shall have original jurisdiction in quo warranto, *172 mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in all cases involving questions arising under the Constitution of the United States or of this state, in cases of felony on leave first obtained, and in cases which originated in the Courts of Appeals, and such supervisory jurisdiction of the proceedings of administrative officers as may be conferred by law. * * * In cases of public or great general interest the Supreme Court may, within such limitations of time as may be prescribed by law, direct any Court of Appeals to certify its record to the Supreme Court, and may review, and affirm, modify or reverse the judgment of the Court of Appeals. # * *”
The jurisdiction of a judge of the Court of Common Pleas is limited to the county in which he resides except where he is designated by the Chief Justice of the Supreme Court to sit in another county within the state.
Section 4, Article IV of the Constitution of Ohio, provides:
“The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law.”
Section 2931.03, Revised Code, provides for the jurisdiction of the Court of Common Pleas in criminal cases as fol- ■ lows:
“The Court of Common Pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas.”
Upon examination, of the Constitution and the statutes enacted thereunder, we find no authority which accords to a judge of the Common Pleas Court the right to file an application to expunge all or any part of an opinion rendered by the Supreme Court. The fact that the applicant was the trial judge in the instant case grants to him no greater right to intervene in a case in which he is not a party and in which he has no justiciable interest than any other citizen. The oath of office of a judge of the Common Pleas Court requires that he support the Constitution of the United States and the Constitution of the state of Ohio, and that he administer justice according to law without respect to persons, to the best of his ability. When in any case he has performed the services required of him as a *173 trial judge and the case is appealed to an appellate court, his responsibility ends. He has no jurisdiction over the Court of Appeals or the Supreme Court. To hold otherwise would violate constitutional principles and established law and would tend to create confusion and uncertainty in our system of jurisprudence.
If a trial judge can intervene by extrajudicial proceedings, or in any other manner, in a case which he tried, thereby seeking to modify, amend, change or expunge the words or substance of an opinion of a reviewing court, written upon appeal on questions of law prosecuted by one of the parties, an intolerable situation would arise creating utter confusion and uncertainty in the administration of justice and in the judicial system. We have already stated that the judicial process is one fixed by the Constitution and statutes of the state. The judges of our courts are required to state the judgment and law of a case being tried by or appealed to them, in a manner that will legally determine the rights of the litigants. This is the way in which the judicial process must operate from courts of inferior jurisdiction to the court of last resort, and when a case reaches the Supreme Court, the decision and the word structure of the opinion are within the sole and complete discretion of the members of that court. What is said in entering judgment or in a supporting opinion is privileged and not subject to direct or collateral attack by anyone. This proposition applies with equal force to the judge who presided at the trial of the case in the court of inferior jurisdiction from which an appeal has been taken.
We are unanimously of the opinion that the “Application to Expunge,” having no basis of right in fact or law, must be and herewith is dismissed sua sponte.

Application dismissed.

Matthias, acting C. J., Bell, Boss, Skeel, Hildebrant, Hurd and Kovachy, JJ., concur.
Matthias, J., sitting in the place and stead of Weygandt, C. J., pursuant to Section 2503.04, Bevised Code.
*174 Ross and Hildebrant, JJ., of the First Appellate District, and Kovachy, Skeel and Hurd, JJ., of the Eighth Appellate District, sitting by designation in the place and stead of Matthias, Hart, Zimmerman, Stewart and Taet, JJ., pursuant to Section 2, Article IY of the Constitution.